GRIFFIN v. GRIFFIN

[118 N.C. App. 400 (1995)]

No error.

Judges WALKER and McGEE concur.

═══════════════

GEORGE A. GRIFFIN AND BRENDA GRIFFIN, Plaintiffs v. SAMUEL GRIFFIN, JO BULLOCK, CHARLIE LANKFORD, DOROTHY LANKFORD, AND KENNETH DAVID BULLOCK, Defendants v. MICHAEL GRIFFIN AND DONNA GRIFFIN, Third Party Defendants

No. 9411DC490

(Filed 4 April 1995)

**Adoption or Placement for Adoption § 4 (NCI4th)— adoption proceeding in superior court—custody proceeding in district court—superior court's jurisdiction supersedes district court's**

　　The filing of an adoption petition in the superior court divests the district court of jurisdiction to adjudicate issues of custody between nonparents with regard to the child who is the subject of the adoption petition. The superior court's jurisdiction supersedes that of the district court with regard to the custody of a child who is the subject of a simultaneous adoption and custody proceeding between nonparents since the adoption is more likely to result in a permanent plan of care for the child and because the superior court has jurisdiction over adoption. Furthermore, a judge of the superior court may consolidate the adoption and custody proceedings for disposition in the superior court.

　　**Am Jur 2d, Adoption §§ 49, 69, 70.**

Judge Lewis concurring.

　　Appeal by third-party defendants from order entered 23 December 1993 in Johnston County District Court by Judge William A. Christian. Heard in the Court of Appeals 2 February 1995.

*No brief filed for plaintiffs George A. Griffin and Brenda Griffin.*

*Kafer & Hunter, by Stephanie T. Jenkins and J. Randal Hunter, and Stephen C. Woodard, Jr., for defendant-appellees.*

*Charles C. Henderson for third-party defendant-appellants.*

GRIFFIN v. GRIFFIN

[118 N.C. App. 400 (1995)]

GREENE, Judge.

Michael and Donna Griffin (Michael Griffins) appeal from an order entered in the Johnston County District Court denying their motion to dismiss and abate the Johnston County District Court's jurisdiction.

Samuel Griffin, II, born 4 November 1984, and Catherine Marie Griffin, born 22 July 1987, (children) were born of a marriage between Samuel Griffin (father) and Marie Lankford Griffin (mother). The father shot and killed the mother and in September 1990 he began serving a life sentence for the murder. On 7 September 1990, after the father executed a "Custodial Designation and Appointment of Guardian" placing "full and complete Custody, care, and control" of the children with his nephew and niece-in-law, George and Brenda Griffin (George Griffins), the George Griffins filed a "Complaint for Custody" in the Jones County District Court. This complaint sought sole custody of the children and named the father, Jo Bullock (the mother's sister), and Charlie and Dorothy Lankford (the mother's parents), as defendants. Kenneth David Bullock, Jo Bullock's husband (Bullocks), later joined these proceedings. The Jones County District Court entered an order on 29 August 1991 granting joint custody to the George Griffins and the Bullocks. The Bullocks filed a motion in the Jones County District Court on 10 December 1991, seeking temporary and permanent custody of the children because of a substantial change in circumstances. On 4 March 1992, the Jones County District Court entered a consent order placing primary custody with the Bullocks and secondary custody with the George Griffins.

Between 10 December 1991 and 4 March 1992, the Michael Griffins, who are the father's brother and sister-in-law, filed an adoption petition in the Jones County Superior Court, seeking to adopt the children. On 23 April 1992, the Jones County Clerk of Superior Court entered an Interlocutory Decree, regarding the adoption petition filed by the Michael Griffins, finding that the children "had been placed with [the] Michael Griffin[s] . . . 'by the persons having legal custody.' " We note that this Interlocutory Decree itself is not included in the record, but the fact that an Interlocutory Decree was entered is made a part of the record because it was included in findings of fact in an 18 May 1992 order of the Jones County District Court. Sometime on 23 April 1992, though it is not clear whether it was before or after the superior court's Interlocutory Decree, the Jones County District Court issued a Temporary Restraining Order,

which was dissolved on 24 August 1992, restraining and prohibiting the Michael Griffins, their counsel, Chris Henderson, the Clerk of Superior Court for Jones County, Ron Metts, and the Jones County Department of Social Services from "entering any orders, filing any pleadings or otherwise taking any action of any kind whatsoever regarding the adoption proceeding for" these children. The court also found that the "adoption proceeding [was] instituted solely for the purpose of interfering with and circumventing the orders of the District Court entered in regard to the custody of these children."

On 28 April 1992, the Bullocks filed motions, in both the Jones County Superior Court and the Jones County District Court, to obtain, among other things, immediate physical custody of the children and a change of venue to Johnston County. The Jones County District Court then ordered that physical custody of the children immediately go to the Bullocks and that the Michael Griffins, as well as legal counsel, take steps to comply with the order. In August, the court transferred the custody action to Onslow County, and ultimately venue in the custody action was transferred to Johnston County. It is our reading of the record that the adoption action is still pending before the Jones County Superior Court, although the interlocutory decree entered in the action was, at some point, vacated.

On 24 August 1992, the Michael Griffins were allowed to intervene in the custody action as third party defendants. On 15 October 1993, the Michael Griffins filed a "Motion to Stay" the jurisdiction of the Johnston County District Court, on the grounds that the former adoption petition filed by them in the Jones County Superior Court abated any district court jurisdiction. The Michael Griffins next moved, on 28 October 1993, for the Johnston County District Court to "vacate all orders entered subsequent to February 25, 1992, and to terminate jurisdiction from the district court," on the same grounds as the motion to stay. On 23 December 1993, the Johnston County District Court denied the Michael Griffins' motions and ordered that the Johnston County District Court would "hereby assume jurisdiction for the determination of all issues with regard to custody and visitation of the minor children."

---

The sole issue is whether the filing of an adoption petition in the superior court divests the district court of jurisdiction to adjudicate issues of custody with regard to the child who is the subject of the adoption petition.

Adoption and custody proceedings are in some important respects alike, yet they remain very different. They are alike in that both proceedings require a determination based on the best interest of the child. N.C.G.S. §§ 48-17(b)(9), -22(b)(10) (1991) (adoption); N.C.G.S. § 50-13.2(a) (1987) (custody). The proceedings are different in that a final adoption order permanently establishes "the relationship of parent and child," N.C.G.S. § 48-23(1) (1991), and an order of custody is always subject to modification upon a showing of changed circumstances. N.C.G.S. § 50-13.7(a) (1987). Furthermore, the proceedings are different in that they are generally adjudicated in different courts. Adoptions are in the nature of special proceedings and are necessarily before the superior court, N.C.G.S. § 48-12(a) (1991), and the district court is the proper division for the trial of custody actions. N.C.G.S. § 7A-244 (1989). Because, however, the superior court has concurrent jurisdiction to adjudicate custody disputes, N.C.G.S. § 7A-240 (1989), and because custody and adoption proceedings relating to the same child have "common questions of law or fact," the judge of the superior court may consolidate the proceedings for disposition in the superior court. N.C.G.S. § 1A-1, Rule 42(a) (1990); see Oxendine v. Department of Social Servs., 303 N.C. 699, 703, 281 S.E.2d 370, 373 (1981).

In the absence of such an order of consolidation and when the same child is the subject of a simultaneous custody and adoption proceeding, do both courts have continuing jurisdiction to fully adjudicate the respective issues before them? The answer has to be no, because this would create an unresolvable conflict. The conflict arises because in an adoption proceeding the superior court is authorized to issue an interlocutory decree of adoption "giving the care and custody of the child to the petitioners." N.C.G.S. § 48-17(a). In a custody proceeding the district court is authorized to award custody of the child to a "person, agency, organization or institution." N.C.G.S. § 50-13.2(a). If both courts are granted simultaneous jurisdiction to adjudicate the issues of custody and adoption, who is to be given custody of the child, the petitioners who have been granted custody pursuant to an interlocutory adoption decree or the person granted custody by the district court? There is no language in either Chapter 50 (custody) or Chapter 48 (adoptions) which addresses the issue before this Court. There is language in Chapter 7A (Juvenile Code) which indicates that upon the filing of an adoption petition, the jurisdiction of the district court to review the post termination of parental rights' placement is suspended, N.C.G.S. § 7A-659(b) (1989);

*In re Adoption of Duncan,* 112 N.C. App. 196, 201, 435 S.E.2d 121, 124 (1993); *In re James S.,* 86 N.C. App. 364, 366, 357 S.E.2d 430, 431 (1987), but that language and the holdings of *Duncan* and *James* have no applicability to a Chapter 50 custody proceeding.

Although there are no statutes or cases directly on point, the legislature has enunciated a public policy that every child should have "a permanent plan of care." N.C.G.S. § 7A-289.22(2) (1989). Because adoption is more likely than a custody proceeding between non-parents (as in this case) to result in a permanent plan of care for the child and because the superior court has jurisdiction over adoptions, that court's jurisdiction supersedes that of the district court with regard to the custody of a child the subject of a simultaneous adoption and custody proceeding. Therefore, upon the entry of an interlocutory order of adoption by the superior court, the jurisdiction of the district court with regard to the custody of the child who is the subject of the interlocutory order is in abeyance until such time as the interlocutory decree is vacated, the adoption petition is dismissed or a final decree of adoption is entered. If a final adoption decree is entered, the district court would again be the proper division to adjudicate any custody disputes that may arise between the adoptive parents and any other parties, upon the filing of a new action for custody. In the event of a final adoption decree, any orders previous entered by the district court, regarding custody of the child, are void.

In this case, the record reveals that an adoption petition was filed in the superior court with regard to children who were the subject of a district court custody dispute between non-parents. The record also reveals that an interlocutory decree of adoption was entered by the superior court, and subsequently vacated. It is not clear from the record whether the superior court actually ordered that "the care and custody" of the children be granted to the Michael Griffins, the petitioners in the adoption case. The record simply shows that a finding was made by the superior court that the children "had been placed with [the] Michael Griffins . . . by the persons having legal custody." The incompleteness of this record requires us to remand this case to the Johnston County District Court. On remand, if it is determined that the superior court has entered an interlocutory decree of adoption granting the care and custody of the children to anyone, the jurisdiction of the district court is stayed upon entry of the decree. In the event it is determined that the interlocutory decree was vacated or the adoption petition dismissed, the jurisdiction of the district court resumes as of the date of the vacation or dismissal. If it is determined

GRIFFIN v. GRIFFIN

[118 N.C. App. 400 (1995)]

that an interlocutory decree of adoption has not been entered directing the custody of the children, the jurisdiction of the district court continues until the entry of such an order.

We are not unaware that the result reached in this case can lead to abuse by non-parent parties who lose custody disputes with other non-parent parties, in that they may file an adoption petition to circumvent the orders of the district court. The solution to that possibility is not, however, to deny parties the right to file good faith petitions for adoptions, which may very well serve the best interest of the child. Parties who abuse the process are subject to a claim for abuse of process, a tort long recognized by our courts. *E.g.*, *Melton v. Rickman*, 225 N.C. 700, 36 S.E.2d 276 (1945).

We are aware that our district court judges are better able by experience and training to determine issues of child custody. We also recognize that good policy arguments exist for having custody and adoption determinations made by the same court. Nonetheless, we are bound by the statutes enacted by our General Assembly and must defer to the policies adopted by that branch of our government.

Remanded.

Judge COZORT concurs.

Judge LEWIS concurs with separate opinion.

Judge LEWIS concurring.

I concur in the majority opinion but wish to separately note that it is the clerk of superior court, and not a judge of the superior court, who typically presides over adoption proceedings. *See* N.C.G.S. § 48-12(a) (1991) ("Adoption shall be by a special proceeding before the clerk of the superior court.") A superior court judge would rarely take part in adoption proceedings. I believe that many of the majority's references to the superior court would more appropriately be to the clerk of superior court. In addition, to the extent that the majority opinion may imply to the contrary, I wish to emphasize that, in my view, the clerks of court of this state have the experience needed to properly deal with the adoption proceedings brought before them. In this regard, I also note that the clerk of superior court is, in fact, the clerk of district court as well.

I also wish to emphasize the importance of compliance with the requirements of N.C.G.S. § 48-16 (1991). That statute provides in pertinent part that, upon the filing of a petition for adoption, the court shall order the department of social services, or a licensed child-placing agency, to investigate any circumstances or conditions which may have a bearing on the adoption and of which the court should have knowledge. § 48-16(a). The findings of the investigation must be reported to the court within sixty days. § 48-16(c). In a case such as this, it would certainly be important for the clerk of court to know of the existence of contemporaneous custody proceedings. The record is silent as to whether the investigative report was made as required and, if so, whether the clerk examined the report before making his interlocutory decree. I agree with the majority that remand is necessary, but for the additional purpose of obtaining a complete record of the proceedings necessary before an interlocutory decree of adoption can be entered. I concur separately.