## JOHNS v. WELKER

[228 N.C. App. 177 (2013)]

GREGORY JOHNS, Plaintiff/Father
v.
LAURA MARSHBURN WELKER, Defendant/Mother
v.
BENJAMIN AND HEATHER JONES, Defendants/Physical Custodians
v.
CHRISTIAN ADOPTION SERVICES, Defendant/Legal Custodian

No. COA12-1154

Filed 2 July 2013

**Child Custody and Support—adoption action pending—prior pending action doctrine inapplicable—custody action to be held in abeyance**

The trail court erred by concluding that it did not have subject matter jurisdiction over plaintiff father's action for custody of plaintiff's minor son where there was already a pending adoption proceeding concerning the same child. The prior pending action doctrine did not preclude jurisdiction of the trial court as the parties to both actions were not the same and the relief requested in both actions was not the same. The dismissal of plaintiff's action was reversed and remanded with instructions that the trial court hold the custody action in abeyance for the duration of the adoption proceeding.

Appeal by plaintiff/father from Order entered 26 January 2012 by Judge Paige B. McThenia in District Court, Mecklenburg County. Heard in the Court of Appeals 24 April 2013.

*Jonathan McGirt, for plaintiff-appellant father.*

*Thurman, Wilson, Boutwell & Galvin, P.A. by John D. Boutwell, for defendants-appellees.*

STROUD, Judge.

Gregory Johns ("plaintiff") appeals from an order entered 26 January 2012 in District Court, Mecklenburg County, dismissing his action for custody of "Sean,"[1] a minor child and plaintiff's biological son. For the following reasons, we reverse and remand this case to the trial court.

---

1. To protect the privacy of the juvenile to the extent possible and for ease of reading, we will refer to him by pseudonym.

JOHNS v. WELKER

[228 N.C. App. 177 (2013)]

## I. Background

The factual background to this case is laid out in the opinion in the companion adoption case, *In re Adoption of S.D.B.*, ___ N.C. App. ___, ___ S.E.2d ___ (2013) (2 July 2013) (COA12-1362). Thus, we will address only the relevant procedural history here.

Sean was born on 10 October 2010. On 2 November 2010, Mr. and Mrs. Jones ("defendants") filed a petition to adopt Sean, with the consent of his mother.[2] Plaintiff moved to intervene in and dismiss the adoption proceeding. Petitioners responded and moved for summary judgment on the grounds that plaintiff's consent was not required for the adoption to proceed. As a contested adoption proceeding, it was transferred to District Court, Mecklenburg County on 19 September 2011 pursuant to N.C. Gen. Stat. § 48-3-601(a1) (2011), and assigned to Judge Trosch. The trial court denied plaintiff's motions and granted defendants' motion for summary judgment on that ground by orders entered 17 February 2012.

On 4 January 2012, plaintiff commenced the present action for custody of Sean and requested the issuance of an injunction against defendants preventing them from proceeding with the adoption. On 10 January 2012, defendants moved to dismiss the custody action for lack of subject matter jurisdiction under N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) (2011), and failure to state a claim under Rule 12(b)(6), due to the prior pending adoption proceeding. The District Court, Mecklenburg County, Judge McThenia presiding, granted defendants' motion to dismiss for lack of subject matter jurisdiction.

## II. Motion to Dismiss

Plaintiff argues on appeal that the trial court erred in deciding that it was deprived of subject matter jurisdiction by the prior pending adoption proceeding. We agree that the trial court erred in deciding that it did not have subject matter jurisdiction. On remand, the trial court should hold the custody action in abeyance for the duration of the adoption proceeding.

### A. Standard of Review

Although the court's order did not recite a rule of civil procedure as a basis for its decision, it is clear from the content of the order that it

---

2. Normally we would not name the prospective adoptive parents. As the Joneses are named in the complaint, however, we see no way to adequately protect the privacy of their names.

was based on the absence of subject matter jurisdiction, which is properly addressed by motion under N.C. Gen. Stat. § 1A-1, Rule 12(b)(1). "The standard of review on a motion to dismiss under Rule 12(b)(1) is *de novo.*" *Fairfield Harbour Property Owners Ass'n, Inc. v. Midsouth Golf, LLC,* ___ N.C. App. ___, ___, 715 S.E.2d 273, 280 (2011) (citation and quotation marks omitted). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the [trial court]." *In re Appeal of Greens of Pine Glen Ltd.*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003) (citation omitted).

B.   Prior Pending Action

The trial court concluded that it did not have jurisdiction over the custody action because there was already a pending adoption proceeding concerning the same child. Plaintiff did not file a motion to consolidate the custody action with the adoption proceeding.

> Under the law of this state, where a prior action is pending between the same parties for the same subject matter in a court within the state having like jurisdiction, the prior action serves to abate the subsequent action. The "prior pending action" doctrine involves essentially the same questions as the outmoded plea of abatement, and is, obviously enough, intended to prevent the maintenance of a subsequent action that is wholly unnecessary. The ordinary test for determining whether or not the parties and causes are the same for the purpose of abatement by reason of the pendency of the prior action is this: Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?

*Shoaf v. Shoaf*, ___ N.C. App. ___, ___, 727 S.E.2d 301, 305 (2012) (citations, quotation marks, and brackets omitted).

In *McKoy v. McKoy*, we considered the question of whether the district court had jurisdiction to enter a custody order over an incompetent adult after a guardianship petition had been filed concerning the same adult. 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010). We concluded that "the district court obtains jurisdiction under § 50-13.8 to determine custody only when the disabled adult child at issue has not been declared incompetent and had a guardian appointed" and that because "the clerk in this case had exercised its jurisdiction under Chapter 35A—to the exclusion of the district court under N.C. Gen. Stat. § 50-13.8—it retained jurisdiction to resolve the parties' dispute regarding custody of [the incompetent adult]." *Id.* at 515, 689 S.E.2d

at 594. We reasoned that both the district court and the clerk of superior court had concurrent jurisdiction and applied the rule that "where there are courts of concurrent jurisdiction, the court which first acquires jurisdiction retains it." *Id.* (quoting *In re Greer*, 26 N.C. App. 106, 112, 215 S.E.2d 404, 408 (1975)).

The parties are not the same here as they are in the adoption action because Judge Trosch determined under N.C. Gen. Stat. § 48-1-101(11) that plaintiff was not a party to the adoption proceeding when she decided that his consent was not required and denied his motion to intervene. Additionally, the adoption proceeding and a custody action do not request precisely the same relief. The petitioner in an adoption proceeding requests the court to form a new legal family. *See* N.C. Gen. Stat. § 48-1-106(a) (2011) ("A decree of adoption effects a complete substitution of families for all legal purposes after entry of the decree."). The plaintiff in a custody action requests the authority to keep and care for a juvenile with whom there is some pre-existing connection. *See Petersen v. Rogers*, 337 N.C. 397, 406, 445 S.E.2d 901, 906 (1994) ("N.C.G.S. § 50-13.1 was not intended to confer upon strangers the right to bring custody or visitation actions against parents of children unrelated to such strangers."). Therefore, the prior pending action doctrine would not preclude jurisdiction of the trial court. *See Shoaf*, ___ N.C. App. at ___, 727 S.E.2d at 305.

Nevertheless, these two proceedings present the same fundamental question—who has the right to legal and physical custody of the minor child? Moreover, there is the distinct possibility that a court considering the best interests of the child under Chapter 50 may come to a different conclusion than a court following the specific custody provisions of Chapter 48. The court considering the adoption petition has the power to award custody of the juvenile to the petitioners or to the agency. *See* N.C. Gen. Stat. §§ 48-3-501 ("Unless the court orders otherwise, when a parent or guardian places the adoptee directly with the petitioner, the petitioner acquires that parent's or guardian's right to legal and continuing physical custody of the adoptee . . . ."), 48-3-502(a)(1) (stating that during an agency adoption proceeding, "[t]he agency retains legal but not physical custody of the adoptee until the adoption decree becomes final."), 48-3-607(b) (an executed consent "vests legal and physical custody of the minor in the prospective adoptive parents . . . ."), *and* 48-3-705(b) ("[T]he consent of a parent, guardian, or agency that placed a minor for adoption pursuant to Part 2 of this Article vests legal and physical custody of the minor in the prospective adoptive parent and empowers this individual to petition the court to adopt the minor."). Obviously,

a court considering a Chapter 50 custody action would have the power to award custody to a different party.

Custody also has a major impact on the adoption proceedings. Who has custody determines important, indeed, central, questions in an adoption, such as who may place a minor for an adoption. *See* N.C. Gen. Stat. § 48-3-201(3)(b) (requiring both parents to jointly place a minor for adoption if neither parent has both physical and legal custody).

The district court has jurisdiction over custody, N.C. Gen. Stat. § 7A-244 (2011), and jurisdiction over contested adoptions, N.C. Gen. Stat. §§ 7A-246, 48-2-601(1a) (2011). There is no statute specifying a procedure for concurrent adoption and custody proceedings, as there is for custody actions that coincide with juvenile proceedings under Chapter 7B, see N.C. Gen. Stat. §§ 48-2-102(b), 7B-200(c), (d) (2011). Yet, "[i]t is well established that one trial court judge may not overrule another trial court judge's conclusions of law when the same issue is involved. . . . The rationale for this rule is to discourage parties from judge shopping." *France v. France*, ___ N.C. App. ___, ___, 738 S.E.2d 180, 185 (2012) (citations and quotation marks omitted), *disc. rev. denied*, ___ N.C. ___, 740 S.E.2d 479 (2013). How can we resolve the potential for contrary and competing custody orders issued by courts which both have jurisdiction?

We have addressed this question once before, in *Griffin v. Griffin*, 118 N.C. App. 400, 456 S.E.2d 329 (1995). As the parties note, *Griffin* was decided before the major 1995 revisions of North Carolina adoption laws came into effect. Therefore, although it is relevant, it is not controlling. In *Griffin*, we were asked, "In the absence of . . . an order of consolidation and when the same child is the subject of a simultaneous custody and adoption proceeding, do both courts have continuing jurisdiction to fully adjudicate the respective issues before them?" 118 N.C. App. at 403, 456 S.E.2d at 332. We stated that "[t]he answer has to be no, because this would create an unresolvable conflict." *Id.* We went on to analyze the adoption and custody statutes in effect at that time, which vested the superior court with jurisdiction over adoption proceedings and the district court with jurisdiction over custody actions. *Id.* Under those statutes, the superior court was authorized to issue an "interlocutory decree of adoption," which gave "the care and custody of the child to the petitioners." *Id.* (citation and quotation marks omitted). We remanded for clarification of the record, but held that the jurisdiction of the district court was superseded by that of the superior court for the pendency of the adoption proceeding. *Id.* at 404-05, 456 S.E.2d at 332-33.

Unlike the result required by virtue of the prior statutes considered in *Griffin*, custody of the minor now goes to the agency or petitioner upon relinquishment, executed consent, or direct placement, unless the court orders otherwise. *See* N.C. Gen. Stat. §§ 48-3-501, 48-3-502(a) (1), 48-3-607(b), 48-3-705(b). There is no need under the current adoption statutes for the court to enter a decree awarding interim custody to the petitioners. Thus, custody is necessarily an issue in an adoption proceeding and the potential for conflicting orders concerning the same minor child is substantial.

We have addressed a similar situation of potential unresolvable conflict between two courts with jurisdiction in *Jessee v. Jessee*, ___ N.C. App. ___, 713 S.E.2d 28 (2011). In *Jessee*, the plaintiff-husband had commenced an action in Forsyth County alleging that the defendant-wife had fraudulently converted funds to her own use after the defendant had filed an action for equitable distribution in Alamance County. ___ N.C. App. at ___, 713 S.E.2d at 30-31. Because the claims brought in the Forsyth County action concerned acts which occurred after the date of separation and the equitable distribution action would only address what had occurred prior to separation, we concluded that the equitable distribution action did not deprive the superior court in Forsyth County of jurisdiction under the prior pending action doctrine. *Id.* at ___, 713 S.E.2d at 37-38. Nevertheless, because of the "clear interrelationship" between the two cases, we concluded that "the Forsyth County case should be held in abeyance pending resolution of the Alamance County domestic relations case." *Id.* at ___, 713 S.E.2d at 38 (citation and quotation marks omitted).

Here, the statutes do not provide a clear answer. Further, the relevant statutes have changed substantially since we issued our opinion in *Griffin*, so it is not directly controlling. The doctrine of prior pending action as articulated by this Court would not deprive the trial court of jurisdiction over the custody action. Nevertheless, we believe that in order to avoid unresolvable conflicts, the trial court must decline to exercise its jurisdiction in the custody action while a previously filed adoption proceeding is pending concerning the same child by holding the custody action in abeyance. *See id.*; *Keith v. Wallerich*, 201 N.C. App. 550, 558, 687 S.E.2d 299, 304 (2009) (holding that the trial court must hold a pursuit of trust claim in abeyance pending the resolution of a related equitable distribution action). Once the adoption petition is resolved, whether through a final decree of adoption or the denial or dismissal of the petition, the court may remove the stay and consider questions of custody of the minor under normal Chapter 50 rules.

As appellant-father acknowledges, the issue of the requested injunction "is entirely subsumed by the trial court's dismissal of [his] custody action." Because we conclude that the trial court must hold the custody action in abeyance, we do not reach the injunction issue.

## III. Conclusion

The trial court erred in determining that it lacked subject matter jurisdiction over the custody action while the previously filed adoption proceeding was pending. Therefore, we reverse the trial court's order granting defendants' motion to dismiss and remand to the trial court. Nevertheless, because of the potential for unresolvable conflicts between the two proceedings, the trial court must hold the custody action in abeyance for the duration of the adoption proceeding.

REVERSED and REMANDED.

Judges HUNTER, Robert C. and ERVIN concur.