HUNTER, JR., Robert N., Judge.
Respondent, the putative father of E.J.B. ("Eric"),[1] appeals from an order concluding Eric's step-father ("Petitioner") did not need Respondent's consent for Petitioner's adoption of Eric. On appeal, Respondent argues the trial court lacked jurisdiction to enter its order and failed to properly abate the adoption action, pursuant to the prior pending action doctrine. Because Respondent did not properly preserve these arguments for appellate review, we dismiss his appeal.
I. Factual and Procedural Background
Respondent and Eric's mother ("Heather") met in October 2012, and the two immediately began dating. In December, Heather became pregnant. Shortly thereafter, the two ended their relationship at "[t]he end of January of 2013 to early February, 2013." Also in February 2013, Heather began dating Petitioner.
On 15 September 2013, Heather delivered Eric. Neither Respondent nor Petitioner are listed on Eric's birth certificate as the father. On 16 September 2013, Petitioner contacted Respondent, informing him of Eric's birth. Petitioner asked Respondent if he would consent to Petitioner adopting Eric, if Petitioner was not Eric's biological father. Respondent told him no.
Heather and Petitioner married on 28 October 2013. Also in October 2013, Respondent contacted Petitioner about visitation with Eric. Respondent first saw Eric on 2 November 2013. On dates unspecified, Respondent requested DNA tests to determine if he was Eric's biological father. From the end of 2013 to May 2015, Respondent saw Eric three times.
On 16 November 2015, Heather filed a petition to terminate Respondent's parental rights. On 24 February 2016, Respondent filed an answer to the petition, opposing the petition and requesting a paternity test.[2] The trial court ordered a paternity test on 14 March 2016. On or about 27 April 2016, the paternity test indicated a 99.99% probability Respondent was Eric's biological father. The trial court held a hearing on the termination petition on 29 June 2016. Heather voluntarily dismissed the petition in open court, prior to Respondent testifying. The next day, Respondent filed a complaint for child custody.
On 8 July 2016, Petitioner filed a petition for adoption of Eric. On 27 July 2016, Petitioner filed his notice of the pending adoption, which he sent by certified mail to Respondent. On 26 August 2016, Respondent filed his response. In his response, Respondent moved to dismiss the action on several grounds, inter alia , lack of subject matter jurisdiction, pursuant to Rule 12(b)(1).
After a hearing on 15 November 2016, the trial court entered an order on 16 June 2017. The trial court found "[t]hat the paternity test was not introduced as evidence in the Termination of Rights trial, nor was there any judicial determination that Respondent was the father of the minor child." The trial court also found Respondent failed to provide support-even after the paternity test-even though he "was capable of providing support." Additionally, the trial court found:
That Respondent's consent to the adoption of the minor child [Eric] ... is not required in that:
a. Respondent was not married to the mother of the minor child;
b. Respondent has not attempted to marry the mother of the minor child;
c. Respondent has filed prior to the filing of the petition for adoption [to] legitimate[ ] the minor child under the laws of any state;
d. Respondent was not obligated to support the minor child under either written agreement or court order prior to the filing of the petition;
e. Respondent has failed to provide, in accordance with his financial means, reasonable and consistent payments for the support of the biological mother during or after the term of pregnancy, or the support of the minor, and has not regularly visited or communicated or attempted to do so with either the mother or the minor child prior to the filing of the petition.
f. Respondent has failed prior to the filing of the petition [to] receive [ ] the minor child into his home and openly h[o]ld the minor child out as his own.
The trial court concluded it had subject matter jurisdiction. The trial court also concluded Respondent's "consent is not required for the adoption of [Eric] ... by the petitioner." Petitioner's attorney served Respondent with the order on or about 6 July 2017. On 27 July 2017, Respondent filed notice of appeal.
II. Jurisdiction
On appeal, Respondent argues the trial court erred in failing to abate the adoption proceeding until the end of the custody proceeding. We must first address whether our Court has jurisdiction.
We note Respondent appeals from an interlocutory order. However, orders concluding petitioners do not need a putative father's consent to proceed with adoption affect a substantial right. In re S.D.W. , 228 N.C. App. 151, 155, 745 S.E.2d 38, 41-42 (2013), rev'd on other grounds , 367 N.C. 386, 758 S.E.2d 374 (2014). This is because "[i]f the adoption proceeds to a final decree of adoption, any parental rights that father may have had would be terminated[.]" Id. at 155, 745 S.E.2d at 42 (citation omitted). Additionally, "the adoption statute severely limits the avenues for challenging a final decree of adoption through appeal." Id. at 155, 745 S.E.2d at 42 (citation omitted). Thus, the interlocutory nature of Respondent's appeal does not preclude appellate review.
However, Respondent failed to properly preserve his argument for appellate review. Our review of the record and arguments at the hearing show Respondent did not present any argument with regard to abatement to the trial court. Although Respondent alleged the trial court lacked subject matter jurisdiction in his answer, he argued the trial court lacked jurisdiction to proceed in the adoption proceeding because he asserted he was Eric's biological father in the custody action-not due to a need for abatement, pursuant to the prior pending action doctrine. At the hearing, Respondent argued over the order of presentation of evidence, but did not request-either orally or in writing-abatement of the adoption proceeding. Additionally, Respondent failed to file a motion to abate the adoption action. Rule 10 of the North Carolina Rules of Appellate Procedure require a "complaining party to obtain a ruling upon the party's request, objection, or motion." N.C. R. App. P. 10(a)(1) (2017).
Additionally, abatement based on the prior pending action doctrine is not a jurisdictional issue.[3] Reece v. Reece , 231 N.C. 321, 322, 56 S.E.2d 641, 642 (1949) ("The plea of former action pending is not jurisdictional, though sometimes referred to as such."). See also Houghton v. Harris , 243 N.C. 92, 95, 89 S.E.2d 860, 863 (1955) (stating the prior pending action doctrine is "merely procedural" and "designed to prevent a multiplicity of actions"); Bethea v. Bethea , 43 N.C. App. 372, 374, 258 S.E.2d 796, 798 (1979) (citations omitted) (concluding defendant waived any objection under prior pending action doctrine by failing to move in abatement or raise a prior pending action argument and any challenge under the doctrine was not jurisdictional).
Because Respondent did not present the trial court with any motion, argument, or other request for abatement, he necessarily failed to obtain a ruling on abatement. An appellant cannot make an argument on appeal for the first time. Furthermore, abatement is not a jurisdictional issue. Respondent does not present any other issues for appellate review. Accordingly, Respondent failed to preserve the issue presented for appellate review, and we dismiss Respondent's appeal.
III. Conclusion
For the foregoing reasons, we dismiss Respondent's appeal.
DISMISSED.
Report per Rule 30(e).
Judges BRYANT and CALABRIA concur.

The parties stipulated to this pseudonym for the minor child, pursuant to N.C. R. App. P. 3.1(b) (2017).

In the 16 June 2017 order, the trial court found Respondent filed his answer and the trial court ordered a paternity test in spring 2015. However, a review of the record makes clear these events actually occurred after Heather filed the petition to terminate Respondent's parental rights on 16 November 2015. Thus, these events must have occurred in spring 2016.

In support of the merits of his argument on appeal, Respondent cites to Johns v. Welker , 228 N.C. App. 177, 744 S.E.2d 486 (2013). In Johns , defendants filed an adoption petition. Plaintiff, father of the juvenile, moved to intervene in the proceedings and moved to dismiss the adoption proceeding. Defendants moved for summary judgment, arguing they did not need plaintiff's consent for the adoption to proceed. The trial court denied plaintiff's motions and granted summary judgment in favor of defendants. Id. at 178, 744 S.E.2d at 488.
Prior to entry of summary judgment in the adoption proceeding, plaintiff filed an action for custody of the child and requested an issuance of an injunction against defendants' adoption action. Defendants moved to dismiss plaintiff's custody action, arguing the trial court lacked subject matter jurisdiction and pursuant to Rule 12(b)(6), under the prior pending action doctrine. The trial court granted defendants' motion to dismiss for lack of subject matter jurisdiction. Id. at 178, 744 S.E.2d at 488.
Plaintiff appealed the trial court's determination it did not have subject matter jurisdiction. Our Court agreed with plaintiff and reversed the trial court. Our Court held the prior pending action doctrine did not preclude the jurisdiction of the trial court. Id. at 180, 744 S.E.2d at 489. Upon remand of the matter, our Court instructed the trial court to hold the custody action in abeyance, "in order to avoid unresolvable conflicts [.]" Id. at 182, 744 S.E.2d at 491. Johns does not stand for the proposition that whether or not a trial court should have abated an action pursuant to the prior pending action doctrine is a question of jurisdiction. Indeed, the Court in Johns explicitly stated, "[t]he doctrine of prior pending action as articulated by this Court would not deprive the trial court of jurisdiction[.]"Id. at 182, 744 S.E.2d at 491.