ROBERT S. CLEMENTS, Plaintiff v. DONNA G. CLEMENTS, by and through LAWRENCE S. CRAIGE and LAVAUGHN NESMITH, Director of the New Hanover County Department of Social Services, Defendant

No. COA11-1323

(Filed 3 April 2012)

**1. Appeal and Error—interlocutory orders and appeals— denial of motion to dismiss—affected substantial right**

The Court of Appeals addressed the merits of defendant's appeal from the trial court's order denying defendant's motion to dismiss for lack of subject matter jurisdiction. The order affected a substantial right as there was a real chance that the parties could be subject to inconsistent verdicts should defendant decide to make a claim for child support before the Clerk of Superior Court and the Clerk enters an order that differs from that of the district court.

**2. Jurisdiction—subject matter jurisdiction—child support— incompetent ward—district court's original jurisdiction**

The trial court did not err in a child support case by denying defendant's motion to dismiss for lack of subject matter jurisdiction. The Clerk of Superior Court did not have exclusive jurisdiction over the issue of child support, even where it involved the estate of an incompetent ward, and the district court's original jurisdiction outweighed the concurrent jurisdiction of the two forums.

Appeal by defendant from order entered 8 June 2011 by Judge Jeffrey E. Noecker in New Hanover County District Court. Heard in the Court of Appeals 21 February 2012.

*Pennington & Smith, PLLC, by Ralph S. Pennington and Kristy J. Jackson, for plaintiff appellee.*

*Shipman & Wright, LLP, by Gary K. Shipman and C. Cory Reiss, for defendant appellant.*

McCULLOUGH, Judge.

Robert S. Clements ("plaintiff") has filed a motion to dismiss with our Court arguing that the order from which Donna G. Clements ("defendant") is appealing is interlocutory and does not affect a substantial right. Specifically, plaintiff contends the issue of child sup-

port should be addressed by the Clerk of Superior Court of New Hanover County, North Carolina, (the "Clerk") and not the district court. We disagree and thus will address defendant's argument on appeal. Defendant appeals from the trial court's denial of her motion pursuant to N.C.R. Civ. P. 12(b)(1) (2011) for lack of subject matter jurisdiction. We believe the trial court correctly denied defendant's motion and thus affirm its decision.

## I. Background

The parties were married on 15 February 1997 and subsequently separated on 4 July 2004. They had one child born during the marriage on 5 January 1998, of which plaintiff has had sole custody since separation. Plaintiff filed a complaint for absolute divorce on 13 March 2007 and defendant filed her answer with counterclaims on 20 April 2007. Defendant raised counterclaims of equitable distribution, child custody, and child support. Plaintiff filed a reply and motion in the cause, seeking equitable distribution, child support, child custody, and sequestration of the marital home. On 1 June 2007, due to defendant's repeated arrests and questionable mental health, defend-ant's counsel moved for a continuance in the case and requested that a Guardian Ad Litem be appointed to investigate defendant's competency. The trial court appointed a Guardian Ad Litem, allowing it time to investigate defendant's competency, and at the same time entered a judgment of absolute divorce on 9 November 2007.

On 27 February 2008, the Clerk adjudicated defendant incompetent and appointed guardians of defendant's person and estate. On 4 November 2009, the trial court, with consent of defendant's guardians, appointed a Guardian Ad Litem to represent defendant's interests in the current action with respect to child custody, visitation, and other personal matters. The trial court set a 24 May 2010 hearing to deal with all issues, including child custody and support. On 4 February 2010, plaintiff filed a motion for summary judgment as to the equitable distribution claim, which the trial court granted on 10 June 2010, leaving only the issues of child support and custody to be addressed. Child custody was resolved by consent order on 24 August 2010, and the trial court scheduled the remaining issue of child support to be heard on 9 June 2011.

On 3 May 2011, defendant replaced her former counsel with her current counsel. Subsequently, on 25 May 2011, defendant moved to dismiss plaintiff's claim for child support on grounds that the district court lacked subject matter jurisdiction over the issue. The trial court

heard the motion and on 8 June 2011 entered an order denying the motion and finding that it had subject matter jurisdiction.

Defendant filed her notice of appeal on 13 June 2011 with a subsequent motion to stay the trial court's order on 15 June 2011. The next day plaintiff filed a motion to calendar the issue of support and determine if defendant's appeal was interlocutory or had a substantial right affected. The trial court granted plaintiff's motion to calendar and set the child support issue to be heard the week of 23 January 2012. On 2 August 2011, the trial court also denied defendant's motion to stay, finding that its previous order was interlocutory and did not affect a substantial right. As a result, defendant filed a motion for temporary stay pursuant to N.C.R. App. P. 8(a) and 37 (2012) with our Court, which we granted pending plaintiff's response. Plaintiff then filed his response and included a motion to dismiss. Our Court ultimately denied defendant's motion for temporary stay on 24 August 2011 and at the same time denied plaintiff's motion to dismiss as moot. Plaintiff filed another motion to dismiss with our Court on 2 December 2011, arguing that defendant's appeal is interlocutory. Defendant filed a response and our Court entered a 14 December 2011 order referring plaintiff's motion to our panel for review.

## II. Analysis

### A. Motion to Dismiss

[1] Defendant raises a single issue on appeal, but we must first address plaintiff's motion to dismiss as referred to our panel. Plaintiff filed his motion with our Court arguing that defendant's appeal is interlocutory and does not affect a substantial right. We disagree.

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). To obtain appellate review of an interlocutory order, the appellant must state "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C.R. App. P. 28(b)(4) (2012). Furthermore, appellate review of an interlocutory order is only available

"if (1) the order is final as to some claims or parties, and the trial court certifies pursuant to N.C.G.S. § 1A–1, Rule 54(b) that there is no just reason to delay the appeal, or (2) the order deprives the appellant of a substantial right that would be lost unless immediately reviewed."

*Currin & Currin Constr., Inc. v. Lingerfelt*, 158 N.C. App. 711, 713, 582 S.E.2d 321, 323 (2003) (quoting *Myers v. Mutton*, 155 N.C. App. 213, 215, 574 S.E.2d 73, 75 (2002)).

"Whether an interlocutory appeal affects a substantial right is determined on a case by case basis." *McConnell v. McConnell*, 151 N.C. App. 622, 625, 566 S.E.2d 801, 803 (2002). "In order to determine whether a particular interlocutory order is appealable pursuant to N.C. Gen. Stat. §§ 1–277(a) and 7A–27 (d)(1), we utilize a two-part test, with the first inquiry being whether a substantial right is affected by the challenged order and the second being whether this substantial right might be lost, prejudiced, or inadequately preserved in the absence of an immediate appeal." *Hamilton v. Mortgage Info. Servs.*, ___ N.C. App. ___, ___, 711 S.E.2d 185, 189 (2011). " 'A substantial right is one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment.' " *Trivette v. Yount*, ___ N.C. App. ___, ___, 720 S.E.2d 732, 735, (2011) (quoting *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000)).

Plaintiff contends that a denial of a motion to dismiss for lack of subject matter jurisdiction is interlocutory and does not affect a substantial right. *See Country Club of Johnston County, Inc. v. U.S. Fidelity and Guar. Co.*, 135 N.C. App. 159, 519 S.E.2d 540 (1999). More specifically, plaintiff argues that the issue of child support has not been adjudicated, meaning the appeal is interlocutory. Consequently, the issue turns to whether or not the denial of a motion for lack of subject matter jurisdiction affects a substantial right. In claiming that the denial of the motion does not affect a substantial right, plaintiff contends that cases involving subject matter jurisdiction all revolve around which court has the jurisdiction to hear a case and should we accept defendant's argument, every case involving subject matter jurisdiction would affect a substantial right. Plaintiff acknowledges that defendant has the right to avoid two trials with the potential of inconsistent verdicts, but he contends the potential is lacking in the instant case. *See Liggett Group v. Sunas*, 113 N.C. App. 19, 24, 437 S.E.2d 674, 677 (1993). At most, plaintiff argues that defendant may be subjected to a retrial before the Clerk if our Court were to

reverse the district court's order in an appeal following the district court's final judgment. *See McIntyre v. McIntyre*, 175 N.C. App. 558, 563, 623 S.E.2d 828, 832 (2006). Otherwise, plaintiff claims we should dismiss defendant's appeal because it has caused excessive delay and costs in an already lengthy case. *See Waters v. Personnel, Inc.*, 294 N.C. 200, 207-08, 240 S.E.2d 338, 343 (1978).

Alternatively, defendant's argument is that should plaintiff's motion be allowed and the district court addresses the issue of child support with the same factual support, there is a real possibility of conflicting results since the Clerk also has the ability to hear the issue and submit its own order. A party has a substantial right to avoid two trials on the same facts in different forums where the results would conflict. *Hamby v. Profile Prods., L.L.C.*, 361 N.C. 630, 639, 652 S.E.2d 231, 237 (2007). Where a party is appealing an interlocutory order to avoid two trials, the party must "show that (1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists." *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 736, 460 S.E.2d 332, 335 (1995). In the case at hand, plaintiff contends that the Clerk is the proper forum to hear an issue regarding expenditures to be made from the estate of an incompetent ward, *see* N.C. Gen. Stat. § 35A-1251(21) (2011), while defendant argues the district court is the proper forum to address issues of child support. *See* N.C. Gen. Stat. § 7A-244 (2011). Clearly, the sole issue left to resolve is that of child support and should there be separate cases before the district court and the Clerk, they would cover the same factual issues. Furthermore, there is a real chance that the parties could be subject to inconsistent verdicts should defendant decide to make a claim for child support before the Clerk and the Clerk enters an order that differs from that of the district court. As a result, we believe it would be more practical for our Court to address the issue of subject matter jurisdiction at this time, rather than leave the possibility for entry of inconsistent verdicts. Thus, "[t]he trial court's order in the instant case affects a substantial right and this Court exercises jurisdiction over [d]efendant's appeal pursuant to North Carolina General Statutes §§ 1-277(a) and 7A-27(d)(1)." *Trivette*, ____ N.C. at ____, 720 S.E.2d at 735. Plaintiff's motion to dismiss defendant's appeal as interlocutory is denied.

## B.  Subject Matter Jurisdiction

**[2]** Defendant's main contention on appeal is that the trial court erred in denying her motion to dismiss for lack of subject matter jurisdiction pursuant to N.C.R. Civ. P. 12(b)(1). Specifically, defendant contends that issuance of child support from an incompetent ward is an issue for the Clerk and not the district court, even where the district court retains original jurisdiction. We disagree.

"An appellate court's review of an order of the trial court denying or allowing a Rule 12(b)(1) motion is *de novo*, except to the extent the trial court resolves issues of fact and those findings are binding on the appellate court if supported by competent evidence in the record." *Smith v. Privette*, 128 N.C. App. 490, 493, 495 S.E.2d 395, 397 (1998). "Subject-matter jurisdiction derives from the law that organizes a court and cannot be conferred on a court by action of the parties or assumed by a court except as provided by that law." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010). Furthermore, subject matter jurisdiction cannot be conferred by consent or waiver and a court cannot create it where it does not already exist. *Burgess v. Burgess*, ____ N.C. App. ____, ____, 698 S.E.2d 666, 668-69 (2010).

Generally speaking, the "superior court is the only proper division to hear matters regarding the administration of incompetents' estates." *Cline v. Teich*, 92 N.C. App. 257, 263, 374 S.E.2d 462, 466 (1988); *see* N.C. Gen. Stat. § 35A-1102 (2011). Alternatively, as defendant notes, the district court is the proper forum for all issues relating to child support. N.C. Gen. Stat. § 7A-244. In the case at hand, the parties initiated their claims in the district court seeking resolution of equitable distribution, child custody, and child support, which in turn established original jurisdiction in the district court. The district court addressed the issues regarding equitable distribution and child custody, with only the matter of child support remaining. During the pendency of the case before the district court, defendant was adjudicated incompetent by the Clerk and the Clerk obtained original jurisdiction over issues relating to the "administration of incompetents' estates." *Cline*, 92 N.C. App. at 263, 374 S.E.2d at 466. The question then turns to whether the Clerk has exclusive, original, and continuing jurisdiction rather than just concurrent jurisdiction with the district court.

Defendant cites to N.C. Gen. Stat. § 7A-240 (2011), for her argument that the superior and district courts have concurrent original

jurisdiction over many civil matters, but not issues regarding the estates of incompetent wards. However, a closer reading of the statute shows that it does not conclusively exclude issues regarding the estate of an incompetent ward, but merely excludes "proceedings in probate and the administration of decedents' estates." *Id.* Defendant goes on to note that Chapter 35A of the General Statutes, regarding incompetency and guardianship matters, "establishes the exclusive procedure for adjudicating a person to be an incompetent adult or an incompetent child." N.C. Gen. Stat. § 35A-1102 (2011). Moreover, in situations involving the incompetency of a ward, the Clerk generally appoints guardians to manage the ward's estate and the Clerk "shall retain jurisdiction following appointment of a guardian in order to assure compliance with the [C]lerk's orders and those of the superior court." N.C. Gen. Stat. § 35A-1203(b) (2011). Defendant contends the exclusivity language in N.C. Gen. Stat. § 35A-1102, establishes exclusive jurisdiction in the Clerk over all matters regarding the estate of an incompetent ward and likewise "[i]f a trial court has exclusive jurisdiction, the court has the power to adjudicate an action or class of actions to the exclusion of all other courts[.]" *Burgess*, ___ N.C. App. at ___, 698 S.E.2d at 669 (internal quotation marks and citation omitted). However, from further review of Chapter 35A the exclusivity language does not continue throughout, and we do not see how a child support matter could be considered under the exclusive jurisdiction of the Clerk just because one party involved has been adjudicated incompetent.

Defendant relies on the *Cline* case, along with *McKoy*, to bolster her argument that the district court is not the proper forum to seek any form of support from the estate of an incompetent ward. Nonetheless, we believe that both cases can be distinguished from the instant case. In *Cline*, the former spouse of an incompetent sought support from the incompetent's estate and brought action for such support in the district court. *See Cline*, 92 N.C. App. 257, 374 S.E.2d 462. While spousal support may be sought from the estate of an incompetent spouse, our Court held that the district court was not the proper forum for such a case due to the fact that the spouse initiated the claim for spousal support in the district court *after* her spouse had been found to be incompetent. *Id.* At that point, the superior court had original jurisdiction over the estate of the incompetent and retained continuing jurisdiction over the issue of spousal support. Alternatively, in the case at bar, defendant initiated the case for child support in the district court *prior* to being adjudicated incom-

petent, so we cannot see how *Cline* is comparable to this case. Similarly, in *McKoy* the parents of a child each sought custody of the child in district court after the child had been adjudicated incompetent by the clerk of superior court. *See McKoy*, 202 N.C. App. 509, 689 S.E.2d 590. As in *Cline*, our Court held that the clerk had original and exclusive jurisdiction to address the custody dispute where the child had already been adjudicated incompetent. *Id.* Again, *McKoy* can be distinguished in that the clerk had obtained original jurisdiction by adjudicating the child incompetent *prior* to the initiation of the custody dispute, while in the case at hand the Clerk adjudicated defendant incompetent *after* the parties commenced their child support dispute in district court. We do not find either of these cases controlling.

On the other hand, plaintiff contends that the district court and the Clerk have concurrent jurisdiction over the issue of child support, but that the district court has original jurisdiction to address the issue. Our General Statutes do not contain language giving the Clerk exclusive jurisdiction over child support claims. Original jurisdiction is " '[a] court's power to hear and decide a matter before any other court can review the matter.' " *In re H.L.A.D.*, 184 N.C. App. 381, 386-87, 646 S.E.2d 425, 430 (2007) (quoting *Black's Law Dictionary* 869 (8th ed. 2004)). "It is the general rule that where there are courts of concurrent jurisdiction, the court which first acquires jurisdiction retains it," *In re Greer*, 26 N.C. App. 106, 112, 215 S.E.2d 404, 408 (1975), *superseded on other grounds by statute as recognized in Taylor v. Robinson*, 131 N.C. App. 337, 508 S.E.2d 289 (1998), and the one that first exercises jurisdiction generally prohibits the exercise by another. *Hudson Int'l, Inc. v. Hudson*, 145 N.C. App. 631, 635-36, 550 S.E.2d 571, 573-74 (2001). Here the district court first obtained jurisdiction over the child support issue and the Clerk subsequently adjudicated defendant incompetent.

Defendant also contends the rights of incompetent wards are strongly protected in that a dependent of an incompetent must request support from the incompetent's estate and the guardian of the estate must determine whether and what amount to approve. However, a minor child is in an equally as protected status as that of an incompetent ward. *See Latta v. Trustees of the General Assembly of the Presbyterian Church*, 213 N.C. 462, 469, 196 S.E. 862, 866 (1938). Furthermore, the district court has a similar duty as that of the Clerk to consider the financial situation of the incompetent party.

The purpose of the [child support] guidelines and criteria shall be to ensure that payments ordered for the support of a minor child are in such amount as to meet the reasonable needs of the child for health, education, and maintenance, *having due regard to the estates, earnings, conditions,* accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

N.C. Gen. Stat. § 50-13.4(c1) (2011) (emphasis added).

By the same token, the Clerk would also be required to consider the child support guidelines should it be the forum to address the issue of child support owed by the estate of an incompetent ward. *Id.* Both parties cite to the case of *Griffin v. Griffin,* 118 N.C. App. 400, 456 S.E.2d 329 (1995), where our Court held that the district and superior courts had concurrent jurisdiction to address custody issues, but where the superior court has a superseding adoption petition, "the jurisdiction of the district court to review the post termination of parental rights' placement is suspended[.]" *Id.* at 403, 456 S.E.2d at 332. However, here there are no competing orders pending in both courts and the Clerk is not the only forum that can make decisions affecting the estate of an incompetent ward. Consequently, the Clerk does not have exclusive jurisdiction over the issue of child support, even where it involves the estate of an incompetent ward, and the district court's original jurisdiction outweighs the concurrent jurisdiction of the two forums. Thus, we must affirm the trial court's denial of defendant's motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## III. Conclusion

Based on the foregoing reasons, we deny plaintiff's motion to dismiss defendant's appeal in arguing that it is interlocutory and does not affect a substantial right and furthermore affirm the trial court's denial of defendant's motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. We hold that the district court and the Clerk have concurrent jurisdiction over the issue of child support, but that the Clerk does not have exclusive jurisdiction and as a result the district court's original jurisdiction makes it the proper forum to address the issue.

Affirmed.

Judges McGEE and GEER concur.