Composite Fabrics of Am., LLC v. Edge Structural Composites, Inc., 2016 NCBC 11.

STATE OF NORTH CAROLINA

COUNTY OF ALEXANDER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 453

COMPOSITE FABRICS OF
AMERICA, LLC,

          Plaintiff,

      v.

EDGE STRUCTURAL COMPOSITES,
INC.; BRITISH RACING IMPORTS &
TRACK SERVICES, INC.; and EDGE
STRUCTURAL COMPOSITES, LLC,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON OPPOSITION TO
NOTICE OF DESIGNATION**

{1}     THIS MATTER is before the Court on Plaintiff Composite Fabrics of America, LLC's ("CFA") Opposition to Notice of Designation ("Opposition"). The Opposition relies heavily on the notion that designation involves a matter of subject-matter jurisdiction. This widely held perception is based in part on the Court's past use of terms like "jurisdiction," "removal," and "remand" in its rules and prior orders.

{2}     The Court takes this opportunity to clarify both that the Business Court is not a court of separate jurisdiction and how the Court interprets the statutory mandates for designating a case as a mandatory complex business case.

{3}     For reasons explained below, the Court defers its further consideration of the Opposition pending CFA's consideration of this Order.

*Bell, Davis & Pitt, P.A. by Alan M. Ruley and Andrew A. Freeman for Plaintiff Composite Fabrics of America, LLC.*

*Nexsen Pruet, PLLC by Peter A. Santos and Jonathan E. Schulz for Defendants Edge Structural Composites, Inc. and British Racing Imports & Track Services, Inc.*

Gale, Chief Judge.

# I. FACTUAL AND PROCEDURAL BACKGROUND

{4}     This lawsuit arises from an agreement between CFA and Defendant Edge Structural Composites, Inc. ("Edge, Inc."), dated January 29, 2014 ("Agreement").  Under the Agreement, Edge, Inc. agreed to introduce CFA to prospective customers, and CFA agreed to pay a fee or royalty to Edge, Inc. for net sales to customers governed by the Agreement.  The parties contemplated that some CFA customers would use proprietary data developed and owned by Edge, Inc. to obtain a certification of code compliance known as an ICC-ES report.  A disagreement exists about, among other things, whether Edge, Inc. should be paid commissions on CFA's sales to certain customers.

{5}     CFA filed a Verified Complaint ("First Complaint") against Edge, Inc. as the sole defendant on August 14, 2015, in the superior court of Alexander County, North Carolina.  On September 25, 2015, Edge, Inc. removed the case to the United States District Court for the Western District of North Carolina.  The case was remanded on November 12, 2015.

{6}     CFA filed its First Amended Complaint ("Amended Complaint") on December 17, 2015, against Edge, Inc., British Racing Imports & Track Services, Inc. ("BRITS"), and Edge Structural Components, LLC ("Edge LLC").

{7}     Edge, Inc. and BRITS filed a Notice of Designation ("NOD") on January 8, 2016, certifying that this lawsuit qualifies as a mandatory complex business case involving material issues of intellectual-property law and trade-secrets law under subsections 7A-45.4(a)(5) and 7A-45.4(a)(8) of the North Carolina General Statutes.  N.C. Gen. Stat. § 7A-45.4(a)(5), (8) (2015).  No counterclaim had been made when the NOD was filed.

{8}     Chief Justice Mark Martin designated the case as a mandatory complex business case on January 11, 2016, and the case was assigned to this Court later that day.

{9}     CFA timely filed its Opposition on January 13, 2016, asserting that this lawsuit does not involve material issues relating to the ownership or use of either intellectual property or trade secrets.  Thus, CFA concludes that the Court

lacks "jurisdiction" over this lawsuit. (Opp'n to NOD 2 n.1 (quoting *Clements v. Clements ex rel. Craige*, 219 N.C. App. 581, 586, 725 S.E.2d 373, 377 (2012)).) CFA notes, however, that it "would not be opposed to proceeding in the Business Court if this action did in fact meet the jurisdictional requirements." (Opp'n to NOD 2 n.1; *see also* Reply Supp. Pl.'s Opp'n to NOD ("Reply") 1, 13.)

{10} Edge, Inc. and BRITS filed an Answer and Counterclaims on January 21, 2016.[1] Edge, Inc., as the sole counterclaimant, asserts counterclaims against CFA for breach of contract, breach of the covenant of good faith and fair dealing, fraud, and unfair and deceptive trade practices.[2]

{11} Edge, Inc. and BRITS filed a Response in Support of Business Court Designation on January 28, 2016. Their argument in favor of designation draws from claims in both the Amended Complaint and the counterclaims.[3]

{12} The parties have each submitted briefs on the issue of designation, and the Opposition is now ripe for ruling.

## II. PROCEDURAL ISSUES REGARDING DESIGNATION

{13} This case was designated and assigned to the Business Court based on the NOD, which certifies that the case qualifies as a mandatory complex business case under section 7A-45.4(a). Mandatory designations are distinct from discretionary designations and are governed by statutory time periods, which this Court has applied strictly. These time limitations do not apply when a party seeks a "discretionary" request from the senior resident superior court judge to the Chief Justice of the North Carolina Supreme Court under Rule 2.1 of the General Rules of Practice for the Superior and District Courts ("General Rules" or "Rule(s)").

---

[1] Edge, Inc. and BRITS note that Edge LLC has not been served with process in this lawsuit and that Edge LLC has not conducted business since it ceased its operations in 2014 and subsequently dissolved in 2015. (NOD 1 n.1; Answer and Countercls. 1 n.1.)

[2] Edge, Inc. and BRITS also filed a Motion to Dismiss and a Motion to Strike on January 21, 2016. These motions are not pertinent to the Court's ruling on the Opposition.

[3] The Court uses the terms "designation" and "Business Court designation" in this Order to mean "mandatory complex business cases" under N.C. Gen. Stat. § 7A-45.4.

Further, a mandatory designation lies only for cases that involve material issues within the defined categories specified in section 7A-45.4. A case may qualify for discretionary assignment to the Business Court under Rule 2.1 if the case does not qualify for mandatory designation under the statute but involves certain other factors. *See, e.g.*, BCR 3.2.

{14} The primary issues raised by the Opposition in this case involve whether the subject matter of the particular facts and claims of this lawsuit meet the requirements for mandatory designation based on subsections 7A-45.4(a)(5) or (a)(8), and whether the Court can look to the counterclaims as well as the Amended Complaint to make that determination.

## A. Use of a Counterclaim to Support Designation

{15} The Court begins its discussion by noting that Edge, Inc. relies on the mandatory designation procedure of section 7A-45.4, which provides that a party who seeks to designate a case based on a pleading asserted against it must file a notice of designation within thirty days of the service of that pleading. The statute also requires that a party who seeks to base designation on its own pleading must file a notice of designation contemporaneously with that pleading.

{16} Here, Defendants' filings rely on both CFA's Amended Complaint and Edge, Inc.'s counterclaims. Edge, Inc. no longer had the right to designate the case based on the First Complaint, as the NOD was filed substantially later than thirty days after service of the First Complaint. The NOD was timely only because the Amended Complaint added a new party that joined in the NOD within thirty days of being served with the Amended Complaint. Obviously, the NOD did not rest on any counterclaim, because no counterclaim had been filed.

{17} The Court disagrees with CFA's suggestion that a counterclaim can never be the basis for designation under section 7A-45.4. Section 7A-45.4(a) provides that "[a]ny party may designate [a case] as a mandatory complex business case" if the case falls within certain subject-matter categories. N.C. Gen. Stat. § 7A-45.4(a). Section 7A-45.4(c) states that a notice of designation shall be filed by

"[a] party designating an action as a mandatory complex business case." *Id.* § 7A-45.4(c). Section 7A-45.4(d) separately provides that the notice of designation shall be filed by any of the following:

(1) By the plaintiff, the third-party plaintiff, or the petitioner for judicial review contemporaneously with the filing of the complaint, third-party complaint, or the petition for judicial review in the action.

(2) By any intervenor when the intervenor files a motion for permission to intervene in the action.

(3) By defendant or any other party within 30 days of receipt of service of the pleading seeking relief from the defendant or party.

(4) By any party whose pleading caused the amount in controversy computed in accordance with G.S. 7A-243 to equal or exceed five million dollars ($5,000,000) contemporaneously with the filing of that pleading.

*Id.* § 7A-45.4(d).

{18} The text of section 7A-45.4(d) does not expressly include "counterclaim plaintiffs" or "counterclaims." The Court interprets "plaintiff or third-party plaintiff" and "complaint" or "third-party complaint" in subsection 7A-45.4(d)(1) to include counterclaim plaintiffs and counterclaims. *See id.* § 7A-45.4(d)(1). Likewise, "defendant or any other party" includes the party against whom the counterclaim is being asserted. *Id.* § 7A-45.4(d)(3). In the instance where a counterclaim is the basis for designation, for purposes of applying section 7A-45.4, the counterclaimant would be the "plaintiff," and the party against whom the counterclaim is being asserted would be the "defendant," who then has a right to oppose designation within thirty days of service of the counterclaim. *See id.* § 7A-45.4(d)(1), (3).

{19} Thus, a party may use its counterclaim as the basis for a notice of designation. *See, e.g.*, Order Denying Defendant's Opposition to Designation, *RS&M Appraisal Servs., Inc. v. Alamance County*, No. 09 CVS 1961 (N.C. Super. Ct. Feb. 18, 2010) ("But for these two counterclaims, the Court would not have

jurisdiction."). However, if a counterclaimant wishes to rely on the opposing party's complaint as well as its own counterclaim as a basis for mandatory designation, the notice of designation would need to be filed within thirty days of service of the complaint and contemporaneously with the counterclaim. *See* N.C. Gen. Stat. § 7A-45.4(d)(3).

{20} The Court construes section 7A-45.4 to provide that a party who has the right to seek mandatory designation based on a pleading that has been served upon it but who does not exercise that right within the statutory time period loses the right to seek mandatory designation and cannot later renew their right to designation by filing a counterclaim.

{21} A different rule applies where a counterclaim is the first pleading to raise a material issue that falls within a category that qualifies for mandatory designation under section 7A-45.4(a). In that case, as long as the new pleading is not being made for an improper purpose, if the party pursues mandatory designation, the statutory time requirements for seeking designation are measured by the new pleading. *See* BCR 3.1(b).[4]

{22} Here, Edge, Inc. filed its NOD within thirty days of being served with the Amended Complaint but before it filed its counterclaims. Whether this case involves material issues within the scope of section 7A-45.4(a) must therefore depend on the allegations in the Amended Complaint.

{23} The Court is not required, however, to completely disregard Edge, Inc.'s counterclaims. For example, the Court can consider the counterclaims to inform it of whether CFA's claims necessarily include material issues that fall under subsections 7A-45.4(a)(5) or (a)(8). *See Cornerstone Health Care, P.A. v. Moore*, No. 15 CVS 604, 2015 NCBC LEXIS 65, at *7 (N.C. Super. Ct. June 22, 2015) (noting that the Court's consideration of whether a case qualifies as a mandatory complex business case "historically [has not been] confined to the actual causes of action asserted in a complaint, but has also examined the underlying

---

[4] Again, these strict, statutory-based time requirements do not apply to Rule 2.1 designations.

factual allegations"); Order on Opposition to Designation of Action as Mandatory Complex Business Case, *Union Corrugating Co. v. Viechnicki*, No. 14 CVS 6240, slip op. at 2 (N.C. Super. Ct. Sept. 9, 2014).

## B. Business Court Rule 3.2 Does Not Provide an Independent Basis for Mandatory Designation

{24}  Business Court Rule 3.2 directs any party who files a notice of designation to not only describe how the case falls within one or more categories of section 7A-45.4, but to further identify factors that demonstrate why the Business Court is the appropriate venue for that case. The origins of that rule precede the advent of mandatory designation. The Business Court Rules were adopted in 2000 and amended in 2006. The Business Court Rules supplement the North Carolina Rules of Civil Procedure and the General Rules. Prior to 2000, the Court consisted of only one special superior court judge, and a case could be designated as a complex business case only through discretionary assignment by the Chief Justice. In 2006, the number of special superior court judges assigned to hear complex business cases was expanded, and the method for mandatory designation under section 7A-45.4 was enacted. The mandatory designation procedure and the classification of cases within such designation was amended in 2014.

{25}  The factors in Business Court Rule 3.2 are useful in managing and assigning cases among the Business Court judges and may be useful in resolving requests for discretionary assignments. But these factors do not provide a stand-alone basis for mandatory designation. For a case to be certified as a mandatory complex business case, the pleading upon which designation is based must raise a material issue that falls within one of the categories specified in section 7A-45.4.

## C. Business Court Designation Does Not Raise Issues of Subject-Matter Jurisdiction

{26}  Litigants often refer to the Business Court's "jurisdiction." This is partly a result of the Court's own terminology in its past orders and in its current rules, which are presently under consideration for revision. Thus, the Court

appreciates why CFA would be led to present a position that is based on notions of subject-matter jurisdiction. But, the Business Court is not a court of separate jurisdiction.

{27} The Court is merely an administrative division of the superior court in the General Court of Justice. A Business Court judge is a special superior court judge who is assigned cases that originate from counties across the state. Just as a special superior court judge may be assigned to matters in any of those counties, when a Business Court judge is assigned to a case that has been designated as a complex business case, whether by a mandatory or discretionary assignment, he is commissioned to preside over that entire case until its conclusion, and he proceeds with the same jurisdiction and authority as any other superior court judge who may be commissioned to hear matters in that case. *See Am. Mech., Inc. v. Bostic*, Nos. COA15-385, COA15-422, COA15-525, 2016 N.C. App. LEXIS 130, at *13–14 (N.C. Ct. App. Feb. 2, 2016) ("The Business Court is a special superior court and its orders are, therefore, 'order[s] of a superior . . . court rendered in a civil action' . . . ." (alteration in original) (emphasis omitted) (quoting N.C. R. App. P. 3(a))); *Sony Ericsson Mobile Commc'ns USA, Inc. v. Agere Sys., Inc.*, No. 06 CVS 17673, 2007 NCBC LEXIS 28, at *7 (N.C. Super. Ct. Aug. 27, 2007) ("[T]he Business Court is not a court of jurisdiction or venue."), *aff'd*, 195 N.C. App. 577, 583, 672 S.E.2d 763, 768 (2009).

{28} A Business Court judge is vested with authority over a case as soon as the case is assigned to him by order of the Chief Justice. Subject-matter jurisdiction is measured by the nature of the claims in the case, not by the judge to whom it has been assigned. The case remains venued in the county of origin, and remains in that county whether or not the case is designated as a complex business case, and whether or not such designation may be later withdrawn. Designation does not "remove" the case, and withdrawing a designation because of an opposition does not constitute a "remand." The case has never left its county of origin.

### III.   CONCLUSION

{29}   CFA states that it "would not be opposed to proceeding in the Business Court if this action did in fact meet the jurisdictional requirements, but [that it] is also mindful of the maxim that 'subject matter jurisdiction cannot be conferred by consent or waiver and a court cannot create it where it does not already exist.'" (Opp'n to NOD 2 n.1 (quoting *Clements*, 219 N.C. App. at 586, 725 S.E.2d at 377); *see also* Reply 1 ("Composite Fabrics is not opposed to proceeding in the Business Court if this action does in fact meet the jurisdictional requirements set forth in N.C. Gen. Stat. § 7A-45.4 . . . .").)  In light of these statements, the Court invites CFA to reexamine its election to oppose designation after considering this Order.

{30}   The Court does not intend to foreclose CFA's choice to pursue opposition, as it has a clear right to do so.  CFA is requested to advise the Court within ten days of the date of this Order whether it wishes to further pursue its Opposition.

{31}   The time within which CFA must file its response to Defendants' Motion to Strike and Motion to Dismiss is held in abeyance pending further Court order.

IT IS SO ORDERED, this the 5th day of February, 2016.


/s/ James L. Gale
———————————————————
James L. Gale
Chief Special Superior Court Judge
   for Complex Business Cases