IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-318

Filed 6 August 2024

Gaston County, No. 20 CVS 3983

WILLIAM B. SHANNON and
NANCY P. SHANNON, Plaintiffs,

v.

ROUSE BUILDERS, INC., Defendant.

Appeal by Plaintiffs from order entered 15 November 2022 by Judge James W. Morgan in Gaston County Superior Court. Heard in the Court of Appeals 15 November 2023.

> *Law Office of Thomas D. Bumgardner, PLLC, by Thomas D. Bumgardner, for Plaintiffs-Appellants.*
>
> *McAngus Goudelock & Courie, PLLC, by James D. McAlister, for Defendant-Appellee.*
>
> *Arthurs & Foltz, by Douglas P. Arthurs, for Defendant-Appellee.*

CARPENTER, Judge.

William and Nancy Shannon ("Plaintiffs") appeal from an order (the "Order") granting in part and denying in part a motion for summary judgment filed by Rouse Builders, Inc. ("Defendant"). After careful review, we affirm the Order.

## I.     Factual & Procedural Background

This case concerns a dispute over an easement used for dumping construction debris. Plaintiffs originally sued Defendant on 3 November 2017, but Plaintiffs voluntarily dismissed their complaint without prejudice on 13 November 2019. On 10 November 2020, Plaintiffs sued Defendant again, asserting the following causes of action: breach of contract, nuisance, trespass, negligence, negligence per se, and unfair and deceptive trade practices ("UDTP"). Plaintiffs sought damages, declaratory judgment, injunctive relief, and attorneys' fees. On 4 October 2022, Defendant filed a motion for summary judgment concerning all of Plaintiffs' causes of action. The trial court heard the motion on 31 October 2022, and hearing evidence tended to show the following.

Defendant is a construction company and a previous owner of real property in Gaston County (the "Property"), which Plaintiffs now own. In 2003, Defendant sold the Property to David and Heather Mercer via a general warranty deed (the "Deed"). The Deed includes an easement for Defendant's continued use of the Property to "dump[ ] timber and natural land debris." On 15 August 2005, Plaintiffs purchased the Property from the Mercers.

Plaintiffs asserted that Defendant illegally used the Property as a construction dump. On 18 August 2005, Plaintiffs blocked Defendant's access to the Property with a chain. In response, Defendant assured Plaintiffs that the Deed allowed it to dump debris on the Property, and that its dumping was proper. After reviewing the Deed, Plaintiffs contacted the Gaston County Planning Department ("Gaston County").

Based on the Deed and discussions with Defendant and Gaston County, Plaintiffs believed that Defendant's dumping was proper.

But on 2 June 2015, Plaintiffs received a notice of violation from Gaston County concerning Defendant's dumping. In the notice, Gaston County alleged that Plaintiffs were responsible for Defendant's dumping, and Gaston County threatened to take civil action if Defendant did not obtain the required permit or stop the dumping. Plaintiffs stated that this notice from Gaston County was their first indication that Defendant's dumping was illegal, or that Defendant's prior representations about the dumping were false.

Defendant, on the other hand, claimed that it properly used the Property for dumping, as prescribed in the Deed. Regardless, Defendant argued that Plaintiffs had actual knowledge of the extent of its dumping in 2005, and that Defendant did not change its dumping practices between 2005 and 2015.

On 15 November 2022, the trial court entered the Order, which partly granted and partly denied Defendant's motion for summary judgment. The Order denied Defendant's motion concerning Plaintiffs' trespass, nuisance, and negligence, theories. The Order granted Defendant's motion concerning Plaintiffs' breach-of-contract and UDTP theories. On 14 December 2022, Plaintiffs filed notice of appeal.

## II. Jurisdiction

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736

(1990). "An order is interlocutory if it does not determine the entire controversy between all of the parties." *Abe v. Westview Cap., L.C.*, 130 N.C. App. 332, 334, 502 S.E.2d 879, 881 (1998) (citing *Veazey v. City of Durham,* 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). Orders granting partial summary judgment are interlocutory. *Country Boys Auction & Realty Co. v. Carolina Warehouse, Inc.*, 180 N.C. App. 141, 144, 636 S.E.2d 309, 312 (2006).

There are, however, exceptions to the general rule prohibiting appeals from interlocutory orders. *See* N.C. Gen. Stat. § 7A-27(b)(3) (2023). One exception is the substantial-right exception, which allows us to review an interlocutory order if the order affects a "substantial right." *See id.* "An interlocutory order affects a substantial right if the order deprives the appealing party of a substantial right which will be lost if the order is not reviewed before a final judgment is entered." *Suarez v. Am. Ramp Co.*, 266 N.C. App. 604, 608, 831 S.E.2d 885, 889 (2019) (*purgandum*).

Here, the Order is interlocutory because it grants partial summary judgment. *See Country Boys Auction & Realty Co.,* 180 N.C. App. at 144, 636 S.E.2d at 312. But Plaintiffs argue that we have jurisdiction via the substantial-right exception. Specifically, Plaintiffs argue that the Order affects a substantial right because it creates the possibility of inconsistent verdicts on common questions of fact.

Plaintiffs' argument is as follows: If we do not review the Order now, we can only review it after trial. If we review and reverse the Order after trial, a different jury will then decide the remanded UDTP theory, which according to Plaintiffs,

hinges on the same facts as its other causes of action. And the second jury could potentially view the facts differently than the first jury, thus leaving Plaintiffs with inconsistent verdicts on common questions of fact.

We have granted review under this exception before. *See, e.g., Davidson v. Knauff Ins. Agency, Inc.*, 93 N.C. App. 20, 25, 376 S.E.2d 488, 491 (1989). Under this exception, the appellant "must 'show that (1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists.'" *See Clements v. Clements*, 219 N.C. App. 581, 585, 725 S.E.2d 373, 376 (2012) (quoting *N.C. Dept. of Transp. v. Page*, 119 N.C. App. 730, 736, 460 S.E.2d 332, 335 (1995)).

Plaintiffs' case involves one fundamental claim: that Defendant illegally dumped debris on the Property. Plaintiffs seek relief for this claim through multiple causes of action. The trial court, however, dismissed two theories at summary judgment, while allowing the others to proceed to trial. So potentially, one jury could resolve the theories for which the trial court denied summary judgment, and another jury could resolve the theories for which the trial court granted summary judgment. *See Davidson*, 93 N.C. App. at 25, 376 S.E.2d at 491. Under this scenario, the juries will review the same factual issues, and each jury could resolve the issues differently.

For example, both trespass and UDTP are subject to statutes of limitation. *See* N.C. Gen. Stat. §§ 1-52(3), 75-16.2 (2023). Both of these statutes of limitation begin to run when the cause of action accrues, which is when Plaintiffs knew or should have known, whichever is earlier, about the alleged illegal activity. *See Robertson v. City*

*of High Point*, 129 N.C. App. 88, 91, 497 S.E.2d 300, 302 (1998) (citing N.C. Gen. Stat. § 1-52(16)) (providing that a trespass theory accrues when "it becomes apparent or ought reasonably to have become apparent to claimant"); *Nash v. Motorola*, 96 N.C. App. 329, 331, 385 S.E.2d 537, 538 (1989) (holding that a UDTP theory based on fraud accrues when the plaintiff discovered or should have discovered the fraud).

When parties dispute facts about accrual, "the question of whether a cause of action is barred by the statute of limitations is a mixed question of law and fact." *Everts v. Parkinson*, 147 N.C. App. 315, 319, 555 S.E.2d 667, 679 (2001). And "[w]hen the evidence is sufficient to support an inference that the limitations period has not expired, the issue should be submitted to the jury." *Id.* at 319, 555 S.E.2d at 679 (citing *Little v. Rose*, 285 N.C. 724, 727, 208 S.E.2d 666, 668 (1974)).

Here, Defendant affirmatively pleaded statute-of-limitations defenses to all of Plaintiffs' causes of action. In response, Plaintiffs argued that they did not know, and had no reason to know, about the illegality of Defendant's dumping until 2015. On the other hand, Defendant asserted that Plaintiffs knew about the extent of its dumping in 2005. If Plaintiffs are correct, neither their trespass nor their UDTP theories would be time barred; but if Defendant is correct, both theories would be time barred.[1] *See* N.C. Gen. Stat. §§ 1-52(3), 75-16.2.

---

[1] Plaintiffs filed their initial complaint on 3 November 2017. Therefore, if Plaintiffs' causes accrued on 2 June 2015, as they assert, then they filed their complaint within the applicable statutes of limitation for trespass and UDTP. *See* N.C. Gen. Stat. §§ 1-52(3) (three years), 75-16.2 (four years).

When Plaintiffs knew, or should have known, about the alleged illegality of Defendant's dumping is a question of fact. *See Everts*, 147 N.C. App. at 319, 555 S.E.2d at 679. So if Plaintiffs' trespass and UDTP causes of action are resolved at separate trials, separate juries will answer the accrual question, and both juries will analyze the same factual issues. *See Clements*, 219 N.C. App. at 585, 725 S.E.2d at 376. Further, it is possible for the juries to reach inconsistent accrual conclusions because there is competing accrual evidence. *See id.* at 585, 725 S.E.2d at 376. Therefore, the Order affects a substantial right, and we have jurisdiction over this appeal. *See* N.C. Gen. Stat. § 7A-27(b)(3).

### III. Issue

The issue on appeal is whether the trial court erred by partially granting Defendant summary judgment.

### IV. Analysis

The Order granted Defendant summary judgment concerning Plaintiffs' breach-of-contract and UDTP causes of action. On appeal, however, Plaintiffs only challenge the Order concerning UDTP. Because Plaintiffs do not challenge the Order

---

Plaintiffs later dismissed their complaint without prejudice on 13 November 2019. Under Rule 41 of our Rules of Civil Procedure, when a plaintiff voluntarily dismisses a complaint without prejudice, the plaintiff may file a "new action based on the same claim . . . within one year after such dismissal." N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2023). Voluntary dismissal under Rule 41 also "extend[s] the statute of limitations by one year after a voluntary dismissal." *Staley v. Lingerfelt*, 134 N.C. App. 294, 298, 517 S.E.2d 392, 395 (1999) (citing *Whitehurst v. Transportation Co.*, 19 N.C. App. 352, 356, 198 S.E.2d 741, 743 (1973)). So if Plaintiffs' accrual assertion is correct, their theories are still within the applicable statutes of limitation because Plaintiffs refiled their complaint within one year of their voluntary dismissal.

concerning breach of contract, we will not analyze that portion of the Order. *See Davignon v. Davignon*, 245 N.C. App. 358, 361, 782 S.E.2d 391, 394 (2016) ("It is well-settled that arguments not presented in an appellant's brief are deemed abandoned on appeal." (citing N.C. R. App. P. 28(b)(6))).

### A. Standard of Review

We review summary-judgment rulings de novo. *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). Under a de novo review, this Court "'considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

Summary judgment is appropriate when "there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2023). Concerning summary judgment, courts "must view the presented evidence in a light most favorable to the nonmoving party." *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001). Indeed, "[s]ince this rule provides a somewhat drastic remedy, it must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue." *Kessing v. Nat'l Mortg. Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971).

### B. UDTP

North Carolina's UDTP cause of action is codified in Article 1 of Chapter 75. *See* N.C. Gen. Stat. § 75-1.1 (2023). Under subsection 75-1.1(a), "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." *Id.* § 75-1.1(a). UDTP "requires proof of three elements: (1) an unfair or deceptive act or practice, (2) in or affecting commerce, which (3) proximately caused actual injury to the claimant." *Nucor Corp. v. Prudential Equity Grp., LLC*, 189 N.C. App. 731, 738, 659 S.E.2d 483, 488 (2008) (quoting *Craven v. SEIU COPE*, 188 N.C. App. 814, 818, 656 S.E.2d 729, 733–34 (2008)).

We begin and end with the second element of UDTP: "in or affecting commerce." Commerce "includes all business activities, however denominated, but does not include professional services rendered by a member of a learned profession." N.C. Gen. Stat. § 75-1.1(b). Although the statutory language is expansive, the North Carolina Supreme Court has narrowed its scope. *See, e.g., Nobel v. Foxmoor Grp.*, 380 N.C. 116, 121, 868 S.E.2d 30, 34 (2022).

The Court has defined business activities as the "regular, day-to-day activities, or affairs, such as the purchase and sale of goods, or whatever other activities the business regularly engages in and for which it is organized." *HAJMM Co. v. House of Raeford Farms, Inc.*, 328 N.C. 578, 594, 403 S.E.2d 483, 493 (1991). But the Court has since limited business activity to "two types of business transactions: '(1) interactions between businesses, and (2) interactions between businesses and

consumers.'" *See Nobel*, 380 N.C. at 121, 868 S.E.2d at 34 (quoting *White v. Thompson*, 364 N.C. 47, 52, 691 S.E.2d 676, 679 (2010)). In other words, internal business operations are not covered by subsection 75-1.1(b). *See id.* at 121, 868 S.E.2d at 34.

"Consumer" is not unlimited. *See id.* at 121–22, 868 S.E.2d at 34–35. Rather, to be a consumer under the second *White* category, the plaintiff must consume the defendant's product or service. *See id.* at 121–22, 868 S.E.2d at 34–35 (citing *Marshall v. Miller*, 302 N.C. 539, 543, 276 S.E.2d 397, 400 (1981)) (declaring that a transaction was not "in or affecting commerce" because although "a personal relationship existed between plaintiff and defendant, there [was] no evidence that plaintiff was a consumer of Foxmoor, nor engaged in any commercial transaction with the company").

Here, Defendant's dumping does not fit squarely into either of the *White* categories. *See White*, 364 N.C. at 52, 691 S.E.2d at 679. The transaction that is alleged to have harmed Plaintiffs was Defendant's dumping, and indeed, the parties disagree about the legality of Defendant's dumping. But as the dumping relates to the second prong of UDTP, the parties do not dispute any material facts. The Defendant is a construction business, and Plaintiffs are not a business. Moreover, Defendant did not build or remodel a home for Plaintiffs. Further, Plaintiffs did not pay Defendant to dump on the Property, and Defendant did not pay Plaintiffs in order to dump on the Property.

As Plaintiffs are not a business, the dumping does not fit into the first *White* category because it was not an interaction between businesses. *See id.* at 52, 691 S.E.2d at 679. The dumping does not fit into the second *White* category either, because Plaintiffs are not "consumers" of Defendant. *See Nobel*, 380 N.C. at 121–22, 868 S.E.2d at 34–35. Plaintiffs are not Defendant's consumers because Defendant, a construction company, did not build or remodel their home, and Plaintiffs did not buy any other goods or services from Defendant.[2] *See id.* at 121–22, 868 S.E.2d at 34–35. Therefore, the dumping was not an interaction between a business and its consumer. *See id.* at 121–22, 868 S.E.2d at 34–35.

Because Defendant is a construction company, however, dumping construction debris was at least indirectly part of Defendant's day-to-day operations. *See HAJMM*, 328 N.C. at 594, 403 S.E.2d at 493. Nonetheless, Defendant's dumping was more akin to an internal business operation than an external business transaction. *See Nobel*, 380 N.C. at 121, 868 S.E.2d at 34. So although Defendant's dumping may have harmed Plaintiffs, Defendant's dumping was not "in or affecting commerce." S*ee Nucor Corp.*, 189 N.C. App. at 738, 659 S.E.2d at 488. This does not preclude Plaintiffs from seeking a remedy through other legal theories, but it does preclude

---

[2] To be sure, if Plaintiffs complained about the sale of the Property, as such, they could potentially satisfy the second UDTP prong. *See Hyde v. Abbott Labs., Inc.*, 123 N.C. App. 572, 584, 473 S.E.2d 680, 688 (1996) (holding "that indirect purchasers have standing under N.C. [Gen. Stat.] § 75-16 to sue for Chapter 75 violations"). Plaintiffs, however, do not complain about the sale of the Property. Rather, they argue that Defendant's dumping on the Property "occurred with such frequency as to indicate a general business practice."

Plaintiffs from seeking a UDTP remedy.  *See Nobel*, 380 N.C. at 121, 868 S.E.2d at 34.

In sum, because the parties do not dispute any material facts concerning the second element of UDTP, summary judgment is appropriate "as a matter of law."  *See* N.C. Gen. Stat. § 1A-1, Rule 56(c).  And even viewing the evidence in Plaintiffs' favor, *see Dalton*, 353 N.C. at 651, 548 S.E.2d at 707, they cannot establish that Defendant's dumping was "in or affect[ed] commerce," *see Nucor Corp.*, 189 N.C. App. at 738, 659 S.E.2d at 488.  Therefore, the trial court correctly granted Defendant summary judgment concerning UDTP.  *See* N.C. Gen. Stat. § 1A-1, Rule 56(c).

## V.    Conclusion

We conclude that the trial court correctly granted Defendant summary judgment concerning UDTP.  Therefore, we affirm the Order.

AFFIRMED.

Judges GORE and FLOOD concur.